IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS J. BRENNAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-938 |
| ) | (Removal from the Circuit Court of St. Louis |
| MENARD, INC. d/b/a MENARDS and ) | County, 21st Judicial Circuit |
| JOHN DOE, ) | Case No. 18SL-CC01863) |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant Menard, Inc. (hereinafter "Defendant"), hereby files this Notice of Removal of this case from the Circuit Court of St. Louis County, State of Missouri, Civil Action No. 18SL-CC01863, where it is currently pending, to the United States District Court for the Eastern District of Missouri, based on diversity jurisdiction. As grounds for removal, Defendant states:

1. On May 9, 2018 Plaintiff Douglas J. Brennan (hereinafter "Plaintiff") filed his Petition for Damages (the "Petition") in the Circuit Court of St. Louis County, State of Missouri, Case No. 18SL-CC01863 naming Menard, Inc. as the Defendant, (Ex. A, Circuit Court File).

2. Defendant was served with the Petition on May 21, 2018 (Ex. A, Circuit Court File).

3. As set forth in Plaintiff's Petition, Plaintiff is a resident of the State of Missouri (Ex. A, Plaintiff's Petition, ¶ 1).

4. A corporation's citizenship for purposes of diversity jurisdiction is: (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28

U.S.C. 1332(c)(1); *see also GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).

5. A corporation's principal place of business is the place where its offices direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Normally, it is where the corporation maintains its headquarters, i.e. the "nerve center". *Id.*

6. Menard, Inc. is a Wisconsin corporation. (Ex. B, Affidavit of Jeff Sacia, ¶3).

7. Defendant's headquarters is located in Eau Claire, Wisconsin. (Ex. B, ¶ 4).

8. The offices of Defendant's offices and executives are located at its headquarters in Eau Claire, Wisconsin, and out of that location Defendant directs, controls, and coordinates its business. (Ex. B. ¶¶ 4-5).

9. Additionally, Defendant has been found to be "a citizen of Wisconsin for diversity jurisdiction purposes." *Thacker v. Menard, Inc.*, 105 F.3d 382, 384 (7th Cir. 1997). *See also Colletti v. Menard, Inc.*, No. 14-cv-1358, 2014 WL 404356, at *1 (E.D. Mich. Jan. 29, 2015); *Carpenter v. Menard, Inc.*, No. 2:14-cv-113, 2014 WL 5465747, at *5 (N.D. Ind. Oct. 28, 2014); *Rogers v. Menard, Inc.*, No. 3:15-cv-067, 2015 WL 4064779, at *2 (N.D. Ind. July 2, 2015).

10. Accordingly, for the purposes of federal diversity jurisdiction, Defendant Menard, Inc. is a citizen of the State of Wisconsin, as it is incorporated in Wisconsin and its principal place of business is located in Wisconsin.

11. Plaintiff has also named a "John Doe" individual and has failed to identify the party by name. Plaintiff alleges "John Doe" resides in Missouri. The residence of the "John Doe" individual should be disregarded in this case. 28 USC § 1441 governs removal of civil

actions to federal court, and state that, in determining whether a civil action is removable on the basis of diversity jurisdiction under 1332, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 USC § 1441(b)(1). Plaintiff adding a "John Doe" is not a bar for removal under 28 USC § 1441 (b)(1) and the citizenship of defendants sued under fictitious names should be disregarded. See *Woodbury v. Courtyard Mgmt. Corp.*, 4:11-CV1049 CEJ, 2012 WL 482344 (E.D. Mo. Feb. 14, 2012); *Fever v. Westin*, 4:12CV9SNLJ, 2012 WL 1657062 (E.D. Mo. May 10, 2012); *Burgin v. Harsco Corp.*, 4:07-CV-1572 (CEJ), 2007 WL 3312147 (E.D. Mo. Nov. 5, 2007).

12. Further, Plaintiff has no basis to allege "John Doe" individual resides in Missouri and is merely attempting to defeat diversity. Joinder is fraudulent if the applicable state precedent precludes the existence of a cause of action against a defendant. *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2013). If the complaint does not state a cause of action against the non-diverse defendant, the joinder is considered fraudulent and federal jurisdiction should be retained. *Iowa Public Service Co. v. Mediacom Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977).

13. At the time this action commenced and at all times since, Plaintiff and Defendant are and remain citizens of different states.

14. Plaintiff's Petition for Damages does not specify the amount of damages sought in this matter.[1] To satisfy the amount in controversy requirement, Defendant must show by a preponderance of the evidence only that "a fact finder *could* legally conclude from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff[s] suffered are

---

[1] Missouri Rules of Civil Procedure do not permit Plaintiffs to specify the amount of any alleged monetary damages. *See* Mo. R. Civ. P. 55.05 ("If a recovery of money be demanded * * * in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority. . . .").

3

greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party seeking removal must show only that the claims originally asserted in the Complaint "could, that is might, legally satisfy the amount in controversy requirement."). Plaintiff herein seeks damages related to an alleged personal injury sustained when shopping for insulation at Defendant's store. (Ex. A, Plaintiff's Petition, ¶ 4). Plaintiff alleges he sustained injuries to his "right leg, right hip, right knee, head, neck, back and body as a whole." (Ex. A, Plaintiff's Petition, ¶ 11, 17, 25, 31). He also alleges he required medical treatment and will require future treatment. (Ex. A, Plaintiff's Petition, ¶ 11, 17, 25, 31). Plaintiff contends that he has incurred treatment expenses "in an amount not yet determined and will incur treatment expenses in the future" (Ex. A, Plaintiff's Petition, ¶12, 18, 26, 32). Plaintiff further contends that his "ability to work, labor and enjoy life has been and will be impaired, all to his detriment and damages." (Ex. A, Plaintiff's Petition, ¶12, 18, 26, 32). Plaintiff's petition demands an amount "in excess of Twenty-Five thousand Dollars $25,000.00." (Ex. A, Plaintiff's Petition).

15. Accordingly, a fact finder might legally conclude that the damages sought are greater than $75,000.00. Therefore, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. § 1332(a)(1).

16. This Notice of Removal is being timely filed within thirty (30) days after receipt of Defendant through service of the summons and a copy of the initial pleading setting forth Plaintiff's claim for relief. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

17. Removal of this action is not prohibited by any federal statute.

18. Attached as Exhibit A are all process, pleadings, orders and other documents then on file in the Circuit Court of St. Louis County, State of Missouri and served on this Defendant.

19. After filing this Notice of Removal, Defendant will file a copy of this pleading with the Clerk of the Circuit Court of St. Louis County, State of Missouri, and with counsel for all other parties.

20. If any questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendant Menard, Inc. by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of the St. Louis County, State of Missouri, effects the removal of said civil action to this Honorable Court.

This 13th day of June, 2018.

Respectfully submitted,

MCANANY, VAN CLEAVE & PHILLIPS, P.A.

/s/ Byron A. Bowles
Byron A. Bowles, Mo. Bar #47050
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS  66103
Phone:  (913) 371-3838
Fax:  (913) 371-4722
bbowles@mvplaw.com
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of June, 2018, a true and correct copy of the foregoing was served via the Court's CM/ECF system which generated electronic notice of same to the following counsel of record:

Christopher A. Allen
GOLDBLATT + SINGER
8182 Maryland Ave., Suite 801
Clayton, MO  63105
*Attorney for Plaintiff*

/s/ Byron A. Bowles
Byron A. Bowles